UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT R. PALOMINO, III,

    Plaintiff,

    v.

MONTEREY COUNTY JAIL, et. al.,

    Defendants.
                               /

No. C 14-2745 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, a detainee at Monterey County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

## DISCUSSION

**A.**    **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and

internal quotation marks omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that he is being tormented mentally and physically while in jail. Plaintiff claims that he is not receiving proper medication or medical treatment; his due process rights have been violated; and he is being discriminated against because of his race.

Plaintiff is informed that deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

2

individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).[1]

Plaintiff provides insufficient details regarding his allegations, and does not identify the actions of any specific defendant. Plaintiff's complaint will be dismissed with leave to amend to provide more information and name the appropriate defendants. Plaintiff must describe how each Defendant was deliberately indifferent to his serious medical needs, or how each Defendant violated his due process or equal protection rights. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Although the federal rules require brevity in pleading, a complaint must be

---

[1] It is not clear if plaintiff was a pretrial detainee at the time of this incident. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (the Eighth Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to file an amended complaint within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October  22 , 2014.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.14\Palomino2745.dwla.wpd

4